UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 06-CV-329-KKC

EARNEST DAVIS                                                                                           PLAINTIFF

v.            **MEMORANDUM OPINION AND ORDER**

BUREAU OF PRISONS, ET AL.                                                                    DEFENDANTS

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Earnest Davis, who is confined in the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"), filed a *pro se* civil rights complaint which appears to fall under the Federal Tort Claims Act, 28 U.S.C. §§2671-2680 ("the FTCA"). The submission was deficient because the plaintiff had neither tendered the necessary *in forma pauperis* documents nor any documentation evidencing administrative exhaustion of his FTCA claims. Accordingly, on July 28, 2006, the Court entered a Deficiency Order addressing these defects [Record No. 2].

The plaintiff has now filed a motion to hold the proceeding in abeyance, or in the alternative, a motion to dismiss without prejudice to his exhausting his claim [Record No. 3]. The Court will not hold this matter in abeyance, as Sixth Circuit law requires *sua sponte* dismissal of a claim in the absence of exhaustion. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), which holds that a district court is not authorized to allow the plaintiff to amend a dismissed complaint in order to cure deficiencies.[1]

---

[1] The Sixth Circuit held in *McGore* that if a complaint subject to screening was required to be dismissed under §1915(e)(2) "*when filed*, the district court should sua sponte dismiss the complaint." *Id*. (Emphasis Added). Thus, the proper inquiry under *McGore* is whether the complaint sufficiently establishes grounds for subject matter jurisdiction *when it is filed*. *See also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) ("The possibility of amendment undermines the screening process, preventing courts from efficiently evaluating whether the plaintiff met the exhaustion requirement."); *Williams v. Johnson*, 55 Fed. Appx. 736, 737 2003 WL 264723, \*\*2 (6th Cir. (Ky.) February 6, 2003) (Not selected for publication in the Federal Reporter) (motion to amend complaint and permit discovery was unavailing because the court had no discretion under the Prison Litigation Reform Act to permit amendment of the complaint in order to avoid dismissal).

Federal Rule of Civil Procedure 41(a)(1), which governs voluntary dismissals, reads in pertinent part as follows:

> **Rule 41.** Dismissal of Actions
>
> (A) Voluntary Dismissal: Effect Thereof.
>
> (1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

*Id.*

Ordinarily, a district court has no discretion to deny a Rule 41(a)(1) notice of dismissal. *Eddins v. Summers*, 230 F.3d 1358, 2000 WL 1478355 (6th Cir. (Tenn.) Sept. 27, 2000) (unpublished disposition) (citing *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993)). The Court will allow the plaintiff to voluntarily dismiss his complaint, without prejudice.

**The plaintiff is advised in advance that because no filing fee is being assessed in this proceeding, he will need either to pay the $350.00 filing fee or proceed *in forma pauperis* when and if he re-files his FTCA claim after exhaustion**.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED:**

(1)     The plaintiff's voluntary "Motion to Hold Case in Abeyance" [Record No. 3] is **DENIED**, and his "Motion for Leave to Dismiss Complaint" [Record No.3] is **GRANTED**.

  (2)  The complaint is dismissed without prejudice.

  (3)  Judgment shall be entered contemporaneously with this memorandum opinion in favor of the named defendants.

  Dated this 6th day of September, 2006.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge